## CIRCUIT COURT OF FAIRFAX COUNTY

Rotonda Condominium
Unit Owners' Ass'n

    v.

Patcraft Mills et al.

February 17, 1994

Case No. (Law) 125169

BY JUDGE THOMAS A. FORTKORT

The matter is before the Court on defendant Amoco Fabrics and Fibers's Plea in Bar and Demurrer to plaintiff Rotonda Condominium Unit Owners' Association's Motion for Judgment. After hearing oral argument, the Court sustained Amoco's Plea in Bar and took the Demurrer under advisement. For the reasons set forth below, the Court overrules defendant's Demurrer.

The events giving rise to this litigation are summarized in the parties' memoranda. Rotonda contracted with defendant Patcraft Mills, a manufacturer and vendor of carpeting, to provide carpeting for Building Two of the Rotonda Condominium. Defendant Amoco allegedly manufactured the fiber of this carpeting. Patcraft agreed to supply a certain weight carpet for Building Two. Shortly after installation, this carpeting exhibited signs of staining and water damage. This damage is the subject of Law No. 122583 currently pending in this Court. Rotonda and Patcraft entered into a similar purchase order agreement for the carpeting in Buildings Three, Four, and Five of the Rotonda. Desiring to avoid the problems surfacing in Building Two's carpeting, Rotonda voiced its concerns to Patcraft's agent. The agent affirmatively represented to Rotonda that installation of a different weight carpet would avoid these undesired effects. However, this carpeting experienced similar "shading and pile distortion" shortly after installation. Motion for Judgment at 3. Rotonda brought this claim for damage to Buildings Three, Four, and Five against Patcraft and Amoco for

breach of express and implied warranty (Count I); breach of contract (Count II); and misrepresentation (Count III).

Defendant Amoco demurs to Count III based on the holding of *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419 (1988). In this opinion, the Virginia Supreme Court held that the economic loss doctrine precludes a plaintiff from recovering damages in tort based solely on a breach of a contract between the parties. In *Sensenbrenner*, plaintiffs contracted with an architectural firm for construction of a house and installation of a swimming pool. The architects subcontracted with a pool installer. Various components of the swimming pool were found to be defective, causing damage to the pool and to plaintiffs' residence. Plaintiffs sued the architect and the pool installer for breach of contract and negligence. As the court wrote, plaintiffs were not entitled to damages for purely economic loss, because "tort law is not designed . . . to compensate parties for losses suffered as a result of breach of duties assumed only by agreement." *Sensenbrenner*, 236 Va. at 425.

Although *Sensenbrenner* appears to control in the instant case, a recent Fourth Circuit case, *City of Richmond v. Madison Management*, 918 F.2d 438 (4th Cir. 1990), explores the *Sensenbrenner* holding in a fraud context. In erecting a water transmission line, the City of Richmond contracted with a pipe supplier, who contracted with a pipe manufacturer. Although there was no privity between the City and the pipe manufacturer, the City did review the manufacturer's specifications prior to installation. When the pipe failed the City sued the supplier and manufacturer for fraud and breach of contract.

The *Richmond* court held that economic loss damages are recoverable in a fraud action. Distinguishing *Sensenbrenner*, the court noted that *Sensenbrenner* applied only in ordinary negligence cases, not in fraud actions. The court remarked that *Sensenbrenner* drew largely from *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858 (1986), an admiralty case in which the U.S. Supreme Court expressly declined to address the issue of whether economic damages could be recovered in an intentional tort action, rather than a negligence action. Reasoning that the economic loss rule is designed to prevent a plaintiff from collecting tort damages when only a contract has been breached between the parties, the *Richmond* court found the rule not applicable when "plaintiff's case reveals a genuine foundation for a tort claim." *Richmond*, 918 F.2d at 446. Upon examining plaintiff's complaint the

*Richmond* court found that plaintiff had alleged not only that defendant failed to keep a promise, but that defendant knew at the time of the promise that the promise could not be kept, an allegation which supported a distinct claim of fraud. *Id.* at 447.

Even the *Sensenbrenner* court had advised inspection of plaintiff's complaint, suggesting that the *Sensenbrenner* court had contemplated a different outcome if a distinct breach of duty had been properly alleged in that case. Instead, the *Sensenbrenner* plaintiff "allege[d] nothing more than disappointed economic expectations." *Sensenbrenner*, 236 Va. at 425.

Defendant argues that the economic loss rule should apply here because the damages claimed are property damages arising from a contract as opposed to typical negligence damages. The court finds that argument to be without merit. In every fraud case damages will involve harm to property rather than harm to people because people are rarely injured by words alone. Fraud, by its nature, involves a breach of duty which is simply not found in a pure contract claim, even though the damage elements are similar to those items claimed in contract. Therefore, analysis of plaintiff's damages as to whether they more resemble personal injury or property damages is not relevant in determining applicability of the *Sensenbrenner* test.

The complaint in the present case survives the *Richmond* scrutiny. Rotonda alleges knowing misrepresentation, reliance by plaintiff on defendant's assertions, and that said reliance resulted in damage to plaintiff. This Court finds that Rotonda has properly alleged a breach of duty, and therefore, the Demurrer to the claim of misrepresentation is overruled.